> I have granted Defendant's extension request. (Doc. 10.)
> The parties are directed to meet and confer concerning the proper parties so that the Plaintiff may amend the complaint.
> The Clerk of Court is respectfully directed to correct Plaintiff's name in the case caption as "Sena London."
>
> SO ORDERED: 8/28/2025
>
> *Vernon Broderick*
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Sena London, Plaintiff,

v.

SONY MUSIC PUBLISHING, a subsidiary of Sony Corporation, Defendant

Case No. 25-cv-06647

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME**

**Introduction**

Plaintiff, proceeding pro se, respectfully opposes Defendant's request for a 30-day extension of time to answer, move, or otherwise respond to the Complaint.

**I. Defendant Has Long Been Aware of Plaintiff's Allegations**

Defendant argues it requires additional time to "investigate" the allegations. This assertion is not accurate. Plaintiff repeatedly raised the same issues internally during July 2025, including governance failures, cybersecurity risks, and discriminatory treatment.

On August 12, 2025 (Two days before the internship end), the day Plaintiff filed suit after warning that litigation would follow if no action was taken. Defendant issued formal denial email regarding governance issues, while ignoring Plaintiff's harassment and discrimination allegations. Instead, Defendant scheduled a new meeting for August 13, 2025, one day before Plaintiff's internship ended, despite having weeks of prior notice. By that time, Defendant had already restricted Plaintiff's building access while he remained an active employee, creating the false impression of termination. (See Exhibit A, Email from Nicole Giacco, Aug. 12, 2025).

These facts demonstrate Defendant has had ample time and information. The request for more time reflects a tactic to delay, not a legitimate investigative need.

1

## II. Defendant's Request Reflects Delay and Narrative Control

This conduct parallels the so-called tabletop exercise Plaintiff witnessed during his employment. Although presented as incident response planning, the discussion was framed around how the company would respond if auditors or regulators identified governance or security gaps. Director Harry Halikias repeatedly shifted the focus to how questions would be answered, rather than how risks would be corrected. These sessions also included unrelated or conflicting topics that contributed to the pattern of probing conduct described in the Complaint.

From Plaintiff's perspective, the purpose and effect of the exercise was not genuine remediation, but anticipation and control of oversight narratives. Defendant's present request for an extension reflects the same approach: delay substantive accountability while reframing issues in its favor.

Taken together, the pattern of psychological probing Plaintiff experienced and the emphasis on rehearsing responses to oversight bodies strongly suggest that Plaintiff was targeted as part of Defendant's strategy to anticipate and control reactions to governance failures. This conduct is not merely an internal employment matter; it creates a broader risk to the public when corporate compliance structures are used to conceal deficiencies rather than correct them. Allowing further delay in this litigation would only perpetuate that risk.

Plaintiff further notes that he specifically requested the ability to be accompanied by his own attorney at internal meetings regarding his disclosures. Defendant never responded to that request and instead suggested that Plaintiff be accompanied by DEI leaders, individuals who had previously ignored his concerns and failed to orient him to any support services.

In fact, the first scheduled meeting prior to July 24, 2025 fell on a day when Plaintiff was working remotely under his hybrid schedule. Plaintiff joined the meeting by Zoom, only to be told that Defendant expected him in a specific conference room. When Plaintiff explained he was remote pursuant to his schedule, Defendant canceled the meeting entirely rather than allow virtual participation.

Following that cancellation, Plaintiff confronted Defendant about the selective treatment, noting that other employees had been permitted to attend meetings virtually and that he was entitled to the same accommodation.

Only after this confrontation did Defendant agree to schedule the July 24, 2025 meeting virtually. That meeting, already described in the Complaint (Dkt. No. 1) and exhibits (Dkt. No. 6), proceeded with both Attorney Giacco and Attorney Ford stating they represented Sony, not Plaintiff, effectively denying Plaintiff representation in a forum ostensibly designed to address his disclosures.

Indeed, after Plaintiff made repeated follow-ups, Defendant's only formal response to his governance and discrimination complaints arrived on August 12, 2025, and only after Plaintiff threatened legal action. The response denied wrongdoing and scheduled a new meeting for August 13, 2025, one day before Plaintiff's internship ended, despite Defendant having been aware of these same complaints for weeks.

### III. Prejudice to Plaintiff

Allowing further delay would prejudice Plaintiff by:

1. Enabling Defendant to reframe facts and obscure the record
2. Allowing discrimination and retaliation claims to remain unaddressed
3. Increasing the risk of evidence spoliation and continued reputational harm

### IV. Good Cause Has Not Been Shown

Rule 6(b) requires a showing of good cause. Defendant has not met this standard. Courts have denied extensions where parties had ample notice and failed to act. See Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F. Supp. 2d 1097, 1100 (N.D. Cal. 1998). Strategic delay does not constitute good cause. See Daggett v. Commission on Governmental Ethics, 172 F.3d 104, 109 (1st Cir. 1999).

### V. Clarification of Parties and Request for Disclosure

Defendant asserts that Plaintiff incorrectly named "Sony Music Publishing, a subsidiary of Sony Corporation" rather than "Sony Music Publishing (US) LLC." Plaintiff notes that this case implicates multiple Sony affiliates, not SMP (US) LLC alone. For example:

- Anthony Ford, identified as an attorney with Sony Corporation of America, participated directly in the July 24, 2025 meeting, where he expressly stated he represented Sony and not Plaintiff
- Tiffany Warren, a DEI executive with Sony Music Entertainment, engaged in psychological probing of Plaintiff in July 2025, contributing to the hostile environment

3

- Other individuals named in the Complaint held roles within Sony Music Publishing while simultaneously coordinating with Sony Corporation of America and Sony Music Entertainment

Given Defendant's assertion about misnaming, Plaintiff respectfully requests that the Court direct Defendant to provide full and accurate disclosure of the proper legal entities employing or retaining each individual named in the Complaint, including but not limited to Ford, Warren, Giacco, Halikias, and Pender. This disclosure is necessary so that Plaintiff may exercise his right under Federal Rule of Civil Procedure 15 to amend the Complaint to ensure all proper parties are included.

Plaintiff's hiring and treatment strongly suggest a concerted and targeted action designed to position Plaintiff as a shield to deflect accountability for governance and cybersecurity deficiencies. While Plaintiff proactively documented and thwarted these tactics before they could be fully executed, the pattern of conduct and the timing of retaliatory acts make clear that the attempt was deliberate and coordinated.

### VI. Request to Correct Plaintiff's Name on the Docket

Plaintiff also respectfully requests that the Court correct the docket to reflect his proper name, Sena London, instead of the erroneous listing "Sean London." This correction is necessary to preserve the accuracy of the record and avoid confusion in further proceedings.

### VII. Conclusion

Plaintiff respectfully requests that the Court:

1. Deny Defendant's motion for extension of time; or, in the alternative, limit it strictly to this one instance with no further extensions absent extraordinary circumstances
2. Direct Defendant to disclose the proper legal entities for all individuals named in the Complaint so Plaintiff may amend accordingly
3. Correct the docket to reflect Plaintiff's proper name, Sena London

Respectfully submitted,
Dated: August 26, 2025


Sena London
Pro Se Plaintiff

4

Note: AI assistance was used to help generate and adjust the formatting of this filing. All facts, allegations, and arguments come directly from Plaintiff.

**Exhibit A:**



5