# Morgan Lewis

**Melissa D. Hill**
+1.212.309.6318
Melissa.Hill@morganlewis.com

November 4, 2025

Dated: November 5, 2025
New York, NY

Plaintiff may file a letter opposing the letter-motion to stay (ECF 32) by November 19, 2025.

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United State District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    *Sena London v. Sony Music Publishing (US) LLC,* Case No. 1:25-cv-06647

Dear Judge Tarnofsky:

We represent Sony Music Publishing (US) LLC ("SMP" or "Defendant") in the above-referenced matter. Pursuant to the Court's August 29 Order (Dkt. 16), we respectfully request a stay of discovery during the pendency of Defendant's Motion to Dismiss, filed on November 3, 2025 (Dkt. 27, 28).

On August 12, 2025, Plaintiff filed his initial Complaint. (Dkt. 1). On September 9, 2025, Plaintiff filed a Motion to Compel SMP to disclose additional parties. (Dkt. 18). On September 22, 2024, the Court held a status conference regarding Plaintiff's Motion to Compel, after which the Court issued an Order denying such Motion and permitting Plaintiff to file an amended Complaint. (Dkt. 23). On September 24, 2025, Plaintiff filed his operative First Amended Complaint ("FAC"). (Dkt. 24). On November 3, 2025, SMP filed a Motion to Dismiss Plaintiff's FAC in its entirety, for lack of subject matter jurisdiction due to Plaintiff's failure to comply with applicable exhaustion requirements, and for failure to state any legally cognizable claims.[1]

Given the prospect of voluminous and costly discovery and the potential for Defendant's Motion to dispose of Plaintiff's claims in their entirety and terminate the litigation, we request that the Court enter a stay of discovery during the pendency of the motion.

Pursuant to Rule 26(c), the Court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c). A stay of discovery pending a motion to dismiss is appropriate "where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). A stay of discovery is further warranted where a defendant has made a strong showing that the plaintiff's claims are unmeritorious, that discovery on the issues moved on would be burdensome, and the risk of unfair prejudice to, here, the Plaintiff, is low. *See Chesney v. Valley Stream Union Free Sch. Dist.* No. 24¸ 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Courts in this Circuit have repeatedly granted such stays, especially where the motion seeks to dismiss all claims such that related

---

[1] Due to the various interim developments since the issuance of the August 29 Order, Defendant inadvertently did not simultaneously file the foregoing letter-motion with its Motion to Dismiss, pursuant to the Order. Defendant apologizes for the inadvertent non-compliance, and submits there is no prejudice to Plaintiff due to the less-than-one-day delay in filing and respectfully requests full consideration of this letter-motion.

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY  10178-0060
United States

☎ +1.212.309.6000
📠 +1.212.309.6001

The Honorable Robyn F. Tarnofsky
November 4, 2025
Page 2

discovery—and associated costs—is rendered unnecessary. *HAHA Global, Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. 2020) (granting a stay of discovery pending the resolution of motions to dismiss that "presented substantial arguments for dismissal of many, if not all, of the claims asserted"); *Del Mar TIC I, LLC v. Bancorp Bank*, 2024 WL 1348501, at *2 (S.D.N.Y. 2024) (granting a discovery stay and noting that proceeding with discovery while a motion to dismiss is pending "would waste the parties' resources" and impose an "undue burden on Defendant" given the breadth of plaintiff's narrowed-but-"not insignificant" discovery); *Salese v. JP Morgan Chase & Co.*, 2023 WL 5047890, at *2 (E.D.N.Y. 2023) (granting stay and stating that such a grant would have rendered "any discovery conducted in the interim . . . without purpose" and noting that "no prejudice identified if a stay is granted").

In light of the foregoing, Defendant respectfully requests that the Court stay discovery pending resolution of Defendant's Motion to Dismiss.

Respectfully,

*/s/ Melissa D. Hill*
Melissa D. Hill


CC: Sena London
aristideoscar@yahoo.fr
Plaintiff