UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SENA LONDON,<br><br>                    Plaintiff,<br><br>   -against-<br>SONY MUSIC PUBLISHING,<br><br>                    Defendant. | 25cv06647 (VSB) (RFT)<br><br>**<u>ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Defendant's motion to stay discovery pending a decision on its letter-motion to dismiss the amended complaint (ECF 27) is before the Court. (*See* ECF 32.)

Rule 26(c) of the Federal Rules of Civil Procedure permits a court to stay discovery "for good cause shown." When determining whether discovery should be stayed pending a decision on a motion to dismiss, courts consider the breadth of the discovery being sought and the burden of responding to the discovery requests, the strength of the motion to dismiss, and the prejudice to the party opposing the stay. *See, e.g., Richardson v. City of New York*, No. 21-CV-5080 (PAE) (KHP), 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022); *Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2024 WL 2867504, at *1 (S.D.N.Y. June 4, 2024). After reviewing the amended complaint (ECF 24), the memorandum in support of the motion to dismiss (ECF 28), the memorandum opposing the motion to dismiss and supporting exhibit (ECF 31, 35), the letter-motion for a stay of discovery (ECF 32), and Plaintiff's response to Defendant's motion to stay discovery (ECF 36), I conclude that Defendant has met its burden of showing that there is good cause for the stay.

The parties have not yet exchanged discovery requests, so it is not clear how broad discovery would be. Plaintiff argues that the discovery he seeks is "narrowly tailored and includes the risk-assessment communications, hiring and rejection records for the Threat Intelligence Analyst position"; records of the "fellowship meeting removal and reinstatement"; communications among several employees; and "DNS/IP asset-inventory documentation showing whether [Defendant] maintained a central database of its DNS and IP addresses or implemented one after Plaintiff's disclosures while labeling new controls as existing." (ECF 36, Pl.'s Opp. To Discovery Stay at 3.) Plaintiff indicates that he also seeks discovery on "whether [Defendant's] internal IT audit findings confirmed or contradicted Plaintiff's risk memorandum, whether the statements made jointly by [several of Defendant's employees] claiming compliance and neutrality were accurate, and whether the pay and remote-work discrepancies demonstrate policy inconsistencies and governance misrepresentation . . . ." (*Id.*) He also seeks discovery on "whether Defendant ever maintained a functional DNS/IP asset inventory during the relevant period or implemented one only after Plaintiff's disclosures while labeling those fixes as pre-existing"; whether Defendant "misclassified Plaintiff as 'terminated' by removing physical access and blocking his ID badge while he still had system access as an active employee"; and whether Defendant's "internal-control representations, employment records, and . . . compliance disclosures" were accurate. (*Id.*) While Plaintiff characterizes the scope of discovery as limited, his description of the materials sought is quite broad. Thus, the scope of the anticipated discovery counsels in favor of a stay. *See Richardson,* 2024 WL 2003340, at *1.

The strength of the underlying motion to dismiss also counsels in favor of granting a stay, because the motion is "not unfounded in the law." *See id.* at *2; *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). I do not, by this observation, predict the outcome of the motion. However, Defendant's memorandum of law in support of the motion provides substantial arguments for dismissal of several, if not all, of the claims set out in the amended complaint. Those arguments are supported by case law from courts in this Circuit, and so I cannot conclude that Defendant's motion is unfounded in the law. Because the motion to dismiss may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay. *See Richardson,* 2024 WL 2003340, at *2.

Plaintiff suggests there would be prejudice from a stay because he needs discovery "to resolve factual disputes, preserve transient digital data, and permit amendment of the complaint as additional facts emerge"; he argues that Defendant's motion to dismiss relies on "contested facts" that "cannot be resolved without discovery." (ECF Pl.'s Opp. To Discovery Stay at 1.) However, Defendant's motion to dismiss accepts as true the allegations in the amended complaint and argues that the alleged facts do not support Plaintiff's claims as a matter of law. There is no need to resolve any contested factual issues to decide Defendant's pending motion to dismiss the amended complaint. Plaintiff also suggests there would be prejudice from a stay because all relevant documents are under Defendant's control and that a stay would lead to a risk of spoliation, particularly because Defendant allegedly has "weak governance" and uses "unsecured communications." (*Id.* at 4.) However, discovery stays are granted in many cases notwithstanding that the party seeking to stay discovery possesses the relevant documents.

Defendant is obligated to preserve the documents that are relevant to this case, and there is no basis to conclude that Defendant will fail to meet that obligation, notwithstanding Defendant's alleged weak governance and use of unsecured communications. Plaintiff has provided no support for his suggestion that delaying the start of discovery pending a decision on Defendant's motion to dismiss will lead to spoliation.

For the foregoing reasons, Defendant's motion to stay discovery is **GRANTED**.

The Clerk of Court is respectfully requested to terminate ECF 32.

DATED:  November 13, 2025
         New York, NY

SO ORDERED.

_____

**ROBYN F. TARNOFSKY**

United States Magistrate Judge