**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SENA LONDON,
Plaintiff,
-against-
SONY MUSIC PUBLISHING (US) LLC,
Defendant.
Case No. 25-cv-06647 (VSB)(RFT)

**Re: London v. Sony Music Publishing (US) LLC, No. 25-cv-06647 (VSB) (RFT) - Letter Motion Regarding Defendant's Exhibit A (ECF No. 65-1)**

Dear Judge Broderick and Magistrate Judge Tarnofsky:

Plaintiff, pro se, respectfully requests that the **Court preclude**, or in the alternative defer, its consideration of **Exhibit A** to the **Declaration of Imani D. Gunn** (ECF No. 65-1), submitted for the first time with Defendant's motion to dismiss the Second Amended Complaint. Plaintiff's full argument and exhibits are set forth in Plaintiff's **Motion to Preclude the Court's Consideration of Defendant's Exhibit A**, filed herewith; this letter summarizes the grounds. **Plaintiff alleges** and **is continuing to allege** that upon information and belief, and continues to allege, that **Defendant personnel may have entered a termination-related event or other personnel-status change in Workday on August 5, 2025, before 7:00 p.m**. The relevant Workday audit trail, event history, and timestamps remain in Defendant's possession.

**Exhibit C: Workday Administrator manual page 6-7**
Source: Workday, FAQ: Terminations**,** **https://doc.workday.com/admin-guide/en-us/human-capital-management/staffing/hire-and-terminate/bwz1497990098885.html?toc=4.13.15**
(last visited Sept. 20, 2026)

**Can terminated employees receive payments through Workday Payroll?**

Yes, if you configure the run category associated with the employee's pay group to process terminated employees who either:

- Are on salary continuance.
- Have payroll input.
- Have a one-time payment or a bonus payment from Workday Compensation.

**Can a nonpayroll administrator end ongoing payroll inputs for terminated workers?**

Yes. Configure the *End Payroll Inputs* business process on the *Termination* business process.

**Can a nonpayroll administrator terminate a worker and pay them on the day you terminate them or any other day?**

Yes. Configure the *On Demand Event* business process on the *Termination* business process.

**Plaintiff** clarifies that his **present recollection** is that, **between approximately 2:00 p.m**. and **4:00 p.m. on August 5, 2025**, he **received a termination-related notification through Sony's HR or Workday system**. Plaintiff recalls language indicating that **he was terminated** but does **not presently recall the precise wording** or whether **it appeared in a push notification** or the subject line of an associated email, but plaintiff did receive an email at the same time. The **notification and the email preceded the separate 7:18 p.m**. email submitted as Defendant's Exhibit A. The relevant Workday audit trail, event history, and timestamps remain in Defendant's possession.

First, Defendant's Exhibit A, ECF No. 65-1, does not satisfy the standard Defendant itself invokes. The Second Amended Complaint ("SAC") does not reference Exhibit A and alleges a different communication; Exhibit A is therefore neither incorporated by reference nor integral to the SAC. See Islam v. Steiner, 822 F. Supp. 3d 407, 417 (S.D.N.Y. 2026).

Second, Exhibit A lacks an adequate foundation. The Gunn Declaration is executed by outside counsel, not by a Workday administrator or records custodian, and does not establish that Exhibit A is complete, unaltered, or the only Workday communication sent that day. See Fed. R. Evid. 901(a), 803(6).

Third, **Defendant's Exhibit A does not resolve the factual dispute** concerning the earlier termination-related notification. **Exhibit A** reflects an email **transmitted at 7:18 p.m**., whereas **Plaintiff recalls receiving a termination-related notification between approximately 2:00 p.m. and 4:00 p.m**. Whether an **earlier personnel event was entered**, **when** it was entered, **who** initiated or **approved** it, and **what** event notifications it generated are **disputed factual questions that cannot properly be resolved on a Rule 12(b)(6) motion**. At this stage, the Court may not weigh competing evidence or draw factual inferences against Plaintiff. Those matters are appropriately tested through discovery of Defendant's Workday event history, audit records, and associated notification records. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155–57 (2d Cir. 2006).

For the foregoing reasons, Plaintiff respectfully requests that the **Court decline to consider Defendant's Exhibit A in deciding the Rule 12(b)(6) motion** or, alternatively, **decline to treat Exhibit A as conclusively establishing that no earlier termination-related event or notification occurred.** Plaintiff further requests that the disputed timing, identity, and completeness of the relevant Workday records be reserved for determination after appropriate discovery. Plaintiff has previously raised preservation concerns and respectfully requests preservation of Defendant's Workday event history, audit logs, timestamps, initiator and approver information, associated notifications, and relevant email-server records pending discovery.

Thank you for the Court's consideration.

Dated: 09/20/2026

Respectfully submitted,

Sena London
Plaintiff, Pro Se
P.O. Box 15342

Beverly Hills, CA 90209